# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN RESIDENTIAL EQUITIES, LLC,<br><br>         Plaintiff,<br>vs.<br>MORTGAGE SOLUTIONS MANAGEMENT, INC., a California corporation, and DOES 1 through 20, inclusive,<br><br>         Defendant.<br><hr>MORTGAGE SOLUTIONS MANAGEMENT, INC., a California corporation,<br><br>         Counter-Claimant,<br>vs.<br>AMERICAN RESIDENTIAL EQUITIES, LLC., a Delaware corporation,<br><br>         Counter-Defendant. | CASE NO. 07cv425 DMS (LSP)<br><br>**ORDER DENYING MOTION TO DISMISS COUNTER-CLAIM** |

  Plaintiff American Residential Equities, LLC ("ARE") has filed a motion to strike the counter-claim of Defendant/Counter-claimant Mortgage Solutions Management, Inc. ("MSM"). The motion was filed on June 1, 2007, and has been fully briefed. The case was taken under submission without oral argument pending the Court's ruling on MSM's motion to transfer venue. The motion to transfer

venue was denied on September 21, 2007. (Doc. No. 33). For the reasons set forth below, ARE's motion to strike the counter-claim is denied.

## I.
## LEGAL STANDARD

ARE moves to dismiss the counter-claim in its entirety on grounds that MSM has failed to state a claim for fraud pursuant Federal Rule of Civil Procedure 9(b). Rule 9(b) requires allegations of fraud to be pled with particularity. Generally, this means the complaining party must allege with particularity the time, place and content of the false representations, and identify the parties to the representations. *Swartz v. KPMG LLP,* 476 F.3d 756, 764 (9th Cir. 2007). However, a " pleading is sufficient under Rule 9(b) if it identifies the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." *Neubronner v. Milken*, 6 F.3d 666, 671 (9th Cir. 1993).

## II.
## DISCUSSION

The Court finds that MSM has met the standard required by Rule 9(b).[1] First, the counter-claim sufficiently alleges the time of the alleged fraudulent statements. MSM alleges the statements were made during a "Marketing Campaign" commencing "on or about January 1, 2006 and including the end of December, 2006." (Cross-Compl. ¶ 6). Identifying a one-year period during which a specified Marketing Campaign was used by ARE is sufficient.

Second, the counter-claim sufficiently alleges the contents of the allegedly false statements. Paragraph 8, subdivisions (A)-(E), identifies with sufficient particularity the statements made by ARE. The counter-claim references statements by ARE concerning the ability and skill of ARE to evaluate portfolios, (Cross-Compl. ¶ 8(A)), ARE's enforcement and repurchase practices, (*Id.*. at ¶8(B)), and quotations of the specific policies of ARE regarding its repurchase and indemnity obligations. (*Id*. at ¶8(C)).

Third, the counter-claim sufficiently alleges where the statements were made. The counter-

---

[1] Because the Court finds MSM has adequately stated a claim for fraud under Rule 9(b), the balance of ARE's motion as to the remaining claims is denied.

claim points specifically to ARE's "Seller Guide," (*Id*. at ¶ 8(C)), ARE's loan purchase agreement, (*id*. at ¶8(B)), and ARE's "contract documents." (*Id*. at ¶ 8(D)). Further, the reference to the 2006 Marketing Campaign puts ARE on notice of the documents and circumstances generally giving rise to MSM's fraud claim.

Finally, the counter-claim adequately identifies the parties who allegedly made the misrepresentations. "In cases of corporate fraud where the false or misleading information is conveyed in prospectuses, registration statements, annual reports, press releases, or other 'group-published information,' it is reasonable to presume that these are the collective actions of the officers." *Wool v. Tandem Computers, Inc.,* 818 F.2d 1433, 1440 (9th Cir. 1987) (*superceded on other grounds)*. Since the counter-claim alleges misstatements made in corporate literature, the presumption that the statements in question stem from the collective actions of the officers applies.

### III.
### CONCLUSION

For the foregoing reasons, the motion to dismiss the counter-claim is DENIED. ARE shall file its answer to the counter-claim within 20 days of this "Order" being stamped filed.

**IT IS SO ORDERED.**

DATED: September 25, 2007

_____
HON. DANA M. SABRAW
United States District Judge