UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN RESIDENTIAL EQUITIES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> MORTGAGE SOLUTIONS MANAGEMENT, INC., <br><br> Defendant. | Civil No. 07-0425-JLS(LSP) <br><br> ORDER FOLLOWING EARLY NEUTRAL EVALUATION CONFERENCE, SETTING RULE 26 COMPLIANCE AND NOTICE OF CASE MANAGEMENT CONFERENCE AND SETTLEMENT CONFERENCE |

On July 11, 2007, the Court convened an Early Neutral Evaluation Conference (ENE) in the above-entitled action. Appearing were Robert Hill on behalf of plaintiff and Michael Pfeifer on behalf of defendant.

Settlement of the case could not be reached at the ENE and the Court therefore discussed compliance with Federal Rule of Civil Procedure, Rule 26. Based thereon, the court issues the following orders:

1. Any objections made to initial disclosure pursuant to Federal Rule of Civil Procedure, Rule 26(a)(1)(A-D) are overruled, and the parties are ordered to proceed with the initial disclosure process. Any further objections to initial disclosure will be

1 | resolved as required by Rule 26.

2 |     2.    The Rule 26(f) conference shall be completed before
3 | <u>November 9, 2007</u>;

4 |     3.    The date of initial disclosure pursuant to Rule
5 | 26(a)(1)(A-D) shall occur before <u>November 19, 2007</u>;

6 |     4.    A discovery plan shall be <u>lodged</u> with Magistrate Judge
7 | Papas on or before <u>November 19, 2007</u>; and,

8 |     5.    A Case Management Conference, pursuant to Federal Rule
9 | of Civil Procedure 16(b), and Settlement Conference, shall be held
10 | on <u>December 11, 2007</u>, at <u>9:00 AM</u>, in the chambers of Magistrate
11 | Judge Leo S. Papas. All parties or their representatives who have
12 | full authority to enter into a binding settlement, in addition to
13 | the attorneys participating in the litigation, shall be present at
14 | the conference.

15 |     Pursuant to Local Civil Rule 16.3, all party representatives
16 | and claims adjusters for insured defendants with full and unlimited
17 | authority to negotiate and enter into a binding settlement, as well
18 | as the principal attorney(s) responsible for the litigation, must be
19 | present and legally and factually prepared to discuss and resolve
20 | the case at the mandatory settlement conference.  Retained outside
21 | corporate counsel <u>shall not</u> appear on behalf of a corporation as the
22 | party who has the authority to negotiate and enter into a settle-
23 | ment.  **Plaintiff's representative may appear by telephone.**

24 |     "Full authority to settle" means that the individuals at the
25 | settlement conference must be authorized to fully explore settlement
26 | options and to agree at that time to any settlement terms acceptable
27 | to the parties.  <u>Heileman Brewing Co., Inc. v. Joseph Oat Corp.</u>, 871
28 | F.2d 648 (7th Cir. 1989).  The person needs to have "unfettered

1   discretion and authority" to change the settlement position of a
2   party. Pitman v. Brinker Intl., Inc., 216 F.R.D. 481, 485-486 (D.
3   Ariz. 2003). The purpose of requiring a person with unlimited
4   settlement authority to attend the conference includes that the
5   person's view of the case may be altered during the face to face
6   conference. Id. at 486. A limited or a sum certain of authority is
7   not adequate. Nick v. Morgan's Foods, Inc., 270 F.3d 590 (8th Cir.
8   2001).
9       The Settlement Conference set for October 23, 2007 at 2:00 PM
10  is vacated.
11      Failure of any counsel or party to comply with this Order
12  will result in the imposition of sanctions.
13      IT IS SO ORDERED.
14
15  DATED:   October 16, 2007

17  _____
    Hon. Leo S. Papas
18  U.S. Magistrate Judge